FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2016 NOV -7 AM 10: 3·

JAVIER ANTONIO MOLINA TURCIOS,

    Plaintiff,

v.

CASE NO.:

2:16CV-815-FtM-38CM

TORCHIATI, LLC d/b/a
FRESH CATCH BISTRO and
JUNKANOO ON THE BEACH,
A Florida Profit Corporation,
FRANCO P. RUSSO,
As Personal Representative of the Estate of
Alfredo Russo, and JACK HYNES, Individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JAVIER ANTONIO MOLINA TURCIOS ("MOLINA" or "Plaintiff"), by and through his undersigned attorney, sues the Defendants, TORCHIATI, LLC d/b/a FRESH CATCH BISTRO and JUNKANOO ON THE BEACH, a Florida Limited Liability Corporation ("TORCHIATI"), FRANCO P. RUSSO, As Personal Representative of the Estate of Alfredo Russo ("RUSSO"), and JACK HYNES ("HYNES"), Individually (collectively referred to as "Defendants"), and states as follows:

### NATURE OF ACTION

1. Plaintiff brings this action against the Defendants for failure to pay overtime compensation in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 – 219 ("FLSA").

## SUBJECT MATTER JURISDICTION

2. This Court has original jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331.

## PERSONAL JURISDICTION

3. Defendant TORCHIATI is subject to the personal jurisdiction of the United States District Court. Defendant TORCHIATI has purposefully availed itself of the privilege of doing business in the state of Florida and Defendant, at all times material, engaged in substantial and not isolated activity within this judicial district.

4. Defendant RUSSO is subject to the personal jurisdiction of the United States District Court. Defendant FRANCO P. RUSSO is the named Personal Representative of the Estate of Alfredo Russo. Alfredo Russo was, at all times material, an owner of Defendant TORCHIATI. As alleged herein, Alfredo Russo was an employer under the FLSA and is legally responsible for the FLSA violation. Alfredo Russo, as owner, engaged in substantial activity and business within the Middle District of Florida. On or about May 26, 2016, Alfredo Russo passed away. An Estate has been opened in the County Circuit Court, Case No. 16-CP-001818, and Defendant FRANCO P. RUSSO has been appointed as the Personal Representative of the Estate.

5. Defendant HYNES is subject to the personal jurisdiction of the United States District Court. Defendant HYNES was, at all times material, an owner of Defendant TORCHIATI. As alleged herein, HYNES was an employer under the FLSA and is legally responsible for the FLSA violation. Defendant HYNES, as owner, engaged in substantial activity and business within the Middle District of Florida.

## VENUE

6. Venue is proper in the United States District Court for the Middle District of Florida. Defendant TORCHIATI is a Florida Limited Liability Corporation doing business within this judicial district and the alleged unlawful pay practices occurred in Lee County, Florida.

## FLSA COVERAGE

7. At all times material, Defendant TORCHIATI employed at least two or more employees who handled, sold, or otherwise worked with goods or materials that had once moved through interstate commerce.

8. At all times material, Defendant TORCHIATI had gross sales volume of at least $500,000 annually.

9. At all times material, Defendant TORCHIATI was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10. Defendant TORCHIATI is an employer covered by the FLSA.

## PARTIES

11. At all times material hereto, Plaintiff was and continues to be a resident of Lee County, Florida. At all times material, Plaintiff was an "employee" of Defendants and Defendants were Plaintiff's "Employer" within the meaning of the FLSA.

12. TORCHIATI was, and continues to be, a Florida Limited Liability Corporation engaged in the transaction of business in Lee County, Florida, with its principal place of business located in Fort Myers, Florida.

13. Defendant FRANCO P. RUSSO is the Personal Representative of the Estate of Alfredo Russo. Alfredo Russo was, at all times material, an owner of Defendant TORCHIATI and an "employer" within the meaning of the FLSA.

14. Defendant HYNES is upon information and belief a resident of Lee County, Florida. Defendant HYNES, at all times material, was an owner of Defendant TORCHIATI and an "employer" within the meaning of the FLSA.

15. At all times material, Alfredo Russo and individual Defendant HYNES operated significant control over the company's operations and regularly exercised the authority to set rates of pay and compensation for employees at TORCHIATI. Accordingly, both RUSSO and HYNES were employers within the meaning of the FLSA and are legally responsible for the overtime violations alleged herein.

## STATEMENT OF CLAIM

### COUNT I
### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

16. Plaintiff realleges Paragraphs 1 through 15 as if fully stated herein.

17. At all times material, Defendant TORCHIATI owns and operates two restaurants located at 3040 Estero Boulevard, Fort Myers Beach, Florida 33931 – Fresh Catch Bistro and Junkanoo on the Beach.

18. Defendant TORCHIATI hired Plaintiff in or about October 2015.

19. Plaintiff's employment ceased on or about September 18, 2016.

20. While employed by the Defendants, Plaintiff worked as a cook for both of Defendants' restaurants, Fresh Catch Bistro and Junkanoo on the Beach.

21. Since Plaintiff's date of hire with Defendants, in addition to Plaintiff's normal regular work week, Plaintiff worked additional hours in excess of forty (40) per week for which

he was not compensated at the statutory rate of time and one-half the regular rate for all hours actually worked.

22. Plaintiff was entitled to be paid at the rate of time and one-half his regular hourly rate for all hours worked in excess of the maximum hours provided for in the FLSA.

23. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

24. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due.

25. As a direct and proximate result of the Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

26. Plaintiff is owed overtime compensation in an amount not presently ascertainable, plus an equal amount as liquidated damages.

27. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendants:

 a. Declaring that Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

 b. Awarding Plaintiff overtime compensation in amounts according to proof;

 c. Awarding Plaintiff liquidated damages in an equal amount to unpaid overtime;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

By: _____
Jason L. Gunter, Esq.
Florida Bar No. 0134694
Conor P. Foley, Esq.
Florida Bar No. 111977
JASON L. GUNTER, P.A.
1625 Hendry Street, Suite 103
Fort Myers, FL 33901
Tel: (239) 334-7017
Fax: (239) 236-8008
E-mail: jason@gunterfirm.com
Email: conor@gunterfirm.com
Counsel for Plaintiff